FILED _____ ENTERED
LODGED _____ RECEIVED
JUN 03 2019
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARNOLD STUDIVANT | * | |
| Petitioner, | * | Civ. Action No. RDB-18-3248 |
| v. | * | Crim. Action No. RDB-15-0164 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On October 13, 2016, Petitioner Arnold Studivant ("Studivant" or "Petitioner") pled guilty to one count of conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. (Plea Agreement, ECF No. 99; Judgment, ECF No. 108.) On December 21, 2016, Judge J. Frederick Motz of this Court sentenced Petitioner to sixty (60) months imprisonment, followed by supervised release for a term of forty-eight (48) months.[1] (ECF No. 108.)

Now pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 145.) The parties' submission have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Petitioner Studivant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 145) is DENIED.

## BACKGROUND

---

[1] On October 18, 2018, this case was reassigned to the undersigned.

1

On April 8, 2015, a federal grand jury in Maryland returned an indictment charging Petitioner Studivant with one count of conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. (ECF No. 1.) According to the statement of facts set forth in the Plea Agreement agreed to and signed by Petitioner, beginning on or about June 1, 2014, and continuing through September 2014, Studivant conspired with others to distribute quantities of heroin in Baltimore, Maryland. (ECF No. 99.) On several occasions, Studivant would meet with co-conspirators, and others, to obtain quantities of heroin and then distribute that heroin to his street distributors and to his own personal use customers. (*Id.*)

During this time, law enforcement officials began investigating Studivant's drug dealing. The Drug Enforcement Agency ("DEA") obtained authorization to intercept the wire and electronic communications of Petitioner and one of his co-conspirators, Brian McClurkin. (*Id.*) Subsequently, Petitioner was intercepted discussing the distribution of heroin and a firearm. (*Id.*) On August 27, 2014, members of the Baltimore Police Department ("BPD") and members of the DEA conducted undercover purchases of heroin from Petitioner's co-conspirators. (*Id.*) Two BPD officers succeeded in purchasing two separate units of heroin. During the purchases, another co-conspirator, Phillip Vaughn, brandished a firearm. (*Id.*) Following the arrests of Petitioner's co-conspirators, additional quantities of heroin and a firearm were recovered. (*Id.*)

Pursuant to the Plea Agreement, Studivant and the government stipulated that the applicable base offense level under the United States Sentencing Guidelines was at least twenty-four (24) because during the course of the conspiracy, Studivant conspired to distribute

2

and possess with the intent to distribute at least 100 grams but less than 400 grams of heroin. (*Id.*) *See* U.S.S.G. § 2D1.1(c)(8). The parties further stipulated that the base offense level would increase by two, to a level of twenty-six (26), because during the conspiracy a firearm was brandished. (*Id.*) *See* U.S.S.G. § 2D1.1(b)(1) (promulgating that "if a dangerous weapon (including a firearm) was possessed, increase [offense level] by 2 levels."). Finally, the parties stipulated that Petitioner's criminal history category was III. (*Id.*) On December 21, 2016, Judge J. Frederick Motz of this Court sentenced Studivant to sixty (60) months imprisonment followed by supervised release for a term of forty-eight (48) months. (Judgment, ECF No. 108.)

On October 18, 2018, Studivant filed the pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing that his counsel fraudulently induced him to accept a plea agreement on the promise that he would be eligible for a one-year time credit upon completion of the Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP") Program. (ECF No. 145). The Government's Response (ECF No. 149) contended, *inter alia*, that the petition was untimely because it had been filed over one year after the predicate Judgment became final on January 4, 2017. On December 27, 2018, this Court issued an Order (ECF No. 150) advising the Petitioner that his Motion would be dismissed as untimely unless he provided a response within 28 days demonstrating that he met an exception to the one-year statute of limitations, or that he was entitled to equitable tolling. Petitioner did not meet this deadline. Instead, on January 29, 2019, Studivant appealed to the United States Court of Appeals for the Fourth Circuit, mischaracterizing this Court's grant of additional time as a denial of his § 2255 Motion. (ECF No. 152.) Noting that Petitioner's

3

Motion was still pending in this Court, the Fourth Circuit dismissed the appeal. (ECF No. 155.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed App'x 141, 142 (4th Cir. Oct. 5, 2017) (per curiam) (unpublished) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers"). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235 (1979) (quoting *Hill*, 368 U.S. at 428, 82 S. Ct. 468).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show cause and actual prejudice resulting from

4

the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

I. **Petitioner's Motion is Untimely.**

A. **Petitioner's Motion is barred by the statute of limitations.**

Petitioner Studivant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 must fail because it is untimely. Under § 2255(f), a one-year period of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, the one-year statute of limitations began running from the date on which the judgment of conviction became final under § 2255(f)(1). When a prisoner fails to submit a timely appeal, his sentence becomes final within fourteen (14) days of his sentencing. *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001). Petitioner's Judgment of Conviction became final on January 4, 2017 (14 days after his December 21, 2016 sentencing) and the relevant limitations period expired one year later, on January 4, 2018. On October 18, 2018, ten

months after the end of the limitations period, Petitioner filed the pending motion. Accordingly, the Motion is untimely.

Charitably construing the Motion to Vacate, Petitioner appears to suggest that the limitations period did not begin to run until February 2018, when he realized the gun enhancement included in his plea agreement rendered him ineligible for the time credit associated with the Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP"). Pursuant to § 2255(f)(4), the limitations period may begin to run as of the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. In this case, Petitioner cites no new "facts" supporting his claim, but rather complains of the legal consequences flowing from the terms of his plea agreement. *Littlejohn v. United States*, 1:18-cv-00143-MR, 1:16-cr-00056-MR-DLH-1, 2018 WL 3349707, at *4 (W.D.N.C. July 9, 2018) ("Here, the 'fact' upon which Petitioner relies—the firearm enhancement's effect on his ability to earn RDAP credit—is a legal consequence and not an actual event or circumstance that would trigger § 2255(f)(4)."). Moreover, had Petitioner exercised due diligence, he would have learned that he was ineligible for the RDAP time credit as early as the date of his sentencing in December 2016. At the time of his sentencing—and indeed, since at least the year 2000—the BOP's implementing regulations have denied early release to prisoners whose current offense is a felony "attended by 'the carrying, possession, or use of a firearm.'" *See Lopez v. Davis*, 531 U.S. 230, 232-33, 121 S. Ct. 714 (2001) (quoting 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000), *codified at* 28 C.F.R. § 550.55(b)(5)(ii) (2016)). Accordingly, the § 2255(f)(4) is not applicable in this case and Petitioner's Motion is untimely.

### B. Petitioner is not entitled to equitable tolling.

6

As Petitioner's § 2255 Motion was untimely filed, it must be dismissed unless this Court determines that equitable tolling applies. See *Holland v. Florida*, 560 U.S. 631, 649-54, 130 S.Ct. 2549 (2010); *Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003) (en banc). To be entitled to equitable tolling of the limitations period, Petitioner must show (1) that he has acted with "reasonable diligence" in pursuing his rights, and (2) that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649; *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted").

Petitioner has not demonstrated that he acted with "reasonable diligence" or that an extraordinary circumstance prevented him from filing his Motion by January 4, 2018. On December 27, 2018, this Court granted additional time for Petitioner to provide information regarding his entitlement to equitable tolling. (ECF No. 150). Despite this allotment of additional time, Petitioner never presented any additional information to this Court. Having failed to make any showing of reasonable diligence or extraordinary circumstances, the Motion must be dismissed as untimely.

## II. Petitioner's Ineffective Assistance of Counsel Claim in Unavailing.

### A. Petitioner's claim that he was falsely promised a one-year time credit fails because it is contradicted by his sworn statements.

Even if Studivant had timely filed his Motion, it would nevertheless fail on the merits. Petitioner appears to argue that his counsel was ineffective based on an alleged promise that he would be able to qualify for one-year time credit reduction upon completion of the RDAP program. A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance

7

of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

The Fourth Circuit has held that allegations made in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly held Rule 11 colloquy are "palpably incredible" and "patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citing *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir.1975)). Where there are no extraordinary circumstances, as in this case, the statements made during a Rule 11 colloquy are deemed conclusively true, and a district court should dismiss § 2255 motions that rely on allegations that contradict the sworn statements. *Id.*

Petitioner's claim that his counsel promised that he would be able to obtain a one-year time credit is contradicted by his sworn statements during his plea colloquy. Petitioner confirmed at his Rule 11 colloquy that no promises were made external to his Plea Agreement to convince him to plead guilty. (Sentencing Tr. 11:8-10, ECF No. 139.) The Plea Agreement itself makes no reference to the RDAP program. (*See* ECF No. 99.) Petitioner presents no evidence that his statements were made involuntarily. Accordingly, Petitioner's ineffective assistance of counsel claim fails.

### B. Petitioner's claim that he was unaware of the firearm sentencing enhancement fails because it contradicts his sworn statements.

To the extent that Petitioner argues that his counsel was ineffective for failing to advise him of the sentencing enhancement associated with the brandishing of a firearm, such argument is meritless. Petitioner acknowledged at his Rule 11 colloquy and in his Plea Agreement that his sentencing would account for the firearm he discussed in intercepted calls and was brandished by his co-conspirator during an undercover heroin purchase. (ECF No. 99; ECF No. 139.):

> [The Court]: Let me go over what I understand the primary terms of the plea agreement to be... You and the government then agree upon the facts that are to govern both your guilty plea and your sentencing... it's agreed that the base offense level is 24. It is agreed that it is increased by 2, to a level 26, because, during the course of the conspiracy, a firearm was brandished...
>
> [The Court]: Mr. Studivant, most importantly, let me ask you, is what I've stated the plea agreement to be what you understand it to be?
>
> The Defendant: Yes, sir.
>
> (Sentencing Tr. 9:13-23; 11:4-7, ECF No. 139.)

Likewise, Petitioner's Plea Agreement acknowledges: (1) that his co-conspirator brandished a firearm; (2) that Petitioner discussed the firearm with the co-conspirator; and (3) that Petitioner's base offense would be increased by two levels because a firearm was brandished during the course of the conspiracy. (ECF No. 99.) Based on his sworn statements before this Court, Petitioner cannot claim that he was unaware that he would receive an enhanced sentence because of the firearm brandished during the conspiracy.[2]

## CONCLUSION

---

[2] Petitioner refers to the recent Untied States Supreme Court decision, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that the residual clause defining "crime of violence," as incorporated in the Immigration and Nationality Act's definition of a violent felony, was unconstitutionally vague. This decision is inapplicable to this case.

For the reasons stated above, Petitioner Studivant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336-38, 123 S.Ct. 1029, (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

Dated: June 3, 2019

*/s/ Richard D. Bennett*

Richard D. Bennett
United States District Judge